IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ELI M. BLATT, individually and
Derivatively on behalf of GOLDNER
BLATT INVESTMENTS, LLC and
MEGACAP CAPITAL, LLC, and in
His representative capacity as Managing
Member of MEGACAP CAPITAL, LLC,
General Partner of MEGACAP FUNDS, LP –
TECH I and MEGACAP FUNDS, LP – SpaceX I

CASE NO.: 1:26-CV-20016

       Plaintiff,

vs.

MARC J. GOLDNER, RACHEL KORSEN,
SIMON DIVILOV, THE DHARMA
INITIATIVE, LLC, RODERYCK REITER,
GOLDNER BLATT INVESTMENTS, LLC
(Direct and Nominal Defendant) and
MEGACAP CAPITAL, LLC (Nominal
Defendant)

       Defendants.

_____/

## DEFENDANT, MARC J. GOLDNER'S NOTICE OF REMOVAL

Defendant, Marc J. Goldner ("Removal Defendant"), by and through counsel, and pursuant to 28 U.S.C. §1332, and 28 U.S.C. §1441, hereby files this timely Notice of Removal from the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2025-CA-008971-XXXA-MB ("State Court Action"), to the United States District Court, Southern District of Florida, and respectfully state the following.

## INTRODUCTION

1.  On May 1, 2023, Plaintiff, Eli M. Blatt, commenced a civil action against Defendants Marc J. Goldner, Rachel Korsen, Simon Divilov, The Dharma Initiative, LLC, and

Compass Mining, Inc., ("Original Defendants") in the Circuit Court in and for Miami-Dade County, Florida that was ultimately removed to this Honorable Court and dismissed.

2.      On September 3, 2025, District Judge Darrin P. Gayles issued an Order adopting Magistrate Judge Ellen F. D'Angelo's Omnibus Report and Recommendation [DE 204], dismissing Eli M. Blatt ("Mr. Blatt")'s case, including causes of action that reappear in this case which were dismissed with prejudice in *Blatt V. Goldner et al.,* Case No. 1:23-cv-24819.

3.      Then, on September 3, 2025, less than thirty minutes after Judge Gayles issued his Order, Mr. Blatt filed the instant case.

4.      Importantly, Mr. Blatt did not file any objections to Judge D'Angelo's Report & Recommendation, nor did Mr. Blatt launch an appeal on Judge Gayle's Order.

5.      The instant complaint contains the same facts, and two causes of action that were dismissed *with* prejudice. Mr. Blatt again requests a declaratory judgment for recission of certain Goldner Blatt Investments, LLC ("GBI") contracts, but this Court already ruled that Mr. Blatt had withdrawn from GBI by his own admission.

6.      Mr. Blatt impermissibly filed another complaint in Palm Beach County under the same grouping of impermissible facts that are now barred by collateral estoppel.

7.      In this latest attempt, the Amended Complaint filed on December 19, 2025, alleges thirteen (13) separate counts against numerous Defendants in a confusing and verbose manner. The counts include claims against Marc J. Goldner for (1) a declaratory judgement relating to GBI which is barred by *res judicata*, (2) Civil Theft which is barred by *res judicata*, (3) common law fraud which is barred by *res judicata*, (4) Unjust Enrichment for the NFTs, (5) Unjust Enrichment for the Miners and Mined Bitcoin, (6) Conversion of Blatt's Funds (FL) – in the alternative, (7) Breach of Fiduciary Duties (DE), (8) Intentional Infliction of Emotional Distress which is barred

by the Statute of Limitations, (9) Tortious Interference with Advantageous Business Relationships (FL), (10) Breach of Fiduciary Duty (DE), (11) Breach of Contract (DE), (12) Breach of Contract (DE), (13) Conversion.

8.     What Mr. Blatt ignores in his latest attempt at re-filing the same action in a new forum is that many of his claims were dismissed without prejudice for ***lack of standing***.[1]

9.     Egregiously, Mr. Blatt incorrectly asserted to the state court, that the federal case was "dismissed for lack of diversity jurisdiction" and that the "instant matter was re-filed shortly after the federal court found no diversity jurisdiction." (Mr. Blatt's Motion for Enlargement of Time to Achieve Service, Page 1184 of the Exhibit 1 of this Notice of Removal).

10.     This is not the reason it was dismissed. Mr. Blatt was found to lack **standing**. In this same motion, Mr. Blatt wrongfully asserts that the federal court action "disposed of two counts (not pleaded here)," but once again this is not true. Mr. Blatt does in fact plead a cause of action for civil theft which was previously dismissed **with prejudice**, as well as a cause of action for fraud.

11.     Mr. Blatt's bad faith manner of pleading is transparent as he amended the new state court complaint by changing at least one cause of action from being filed *derivatively* on behalf of GBI to now *directly* against GBI and/or Mr. Goldner. However, Mr. Blatt's caption clearly states

---

[1] Magistrate Judge D'Angelo's Omnibus R&R states in Footnote 15, "The Court need not address whether GBI is an indispensable party at this juncture, *because **Plaintiff lacks standing** to bring derivative claims on behalf of GBI*. **If** Plaintiff did have standing to bring derivative claims, as set forth above, GBI would be a necessary party to this action. The law is well-settled that "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Meaning, Blatt and GBI would both be citizens of Florida—destroying the Court's diversity jurisdiction." (emphasis added) The court clearly uses the latter part of this footnote as an example due to the key word "if" beginning the example, and by no means used "if" as a means for Mr. Blatt to claim the case was dismissed due to lack of diversity jurisdiction. Thus, Mr. Blatt incorrectly clings onto this false dichotomy that predicates this most recent frivolous filing. Clearly, Mr. Blatt was found to *not* have standing because Mr. Blatt withdrew from GBI.

on Page 1 of the Amended Complaint that Mr. Blatt's claims are both "individually ***and*** derivatively on behalf of Goldner Blatt Investments, LLC." (emphasis added)[2].

12.     In Magistrate Judge D'Angelo's Omnibus Report and Recommendation, the Court made it clear that Mr. Blatt's claims relating to GBI could only be derivative because the alleged harm was suffered to GBI and not to Mr. Blatt directly.

13.     In the instant case, Mr. Goldner was not served.

14.     However, on January 5, 2026, Mr. Goldner filed a waiver of service in the state court action.

15.     This Notice of Removal is timely as it is filed within thirty (30) days of Removal Defendant Mr. Goldner waiving service. The last served defendant rule would not apply as no defendants in the state court action have been served. *See Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1206 (11th Cir. 2008). This Notice is also being filed within one year of the filing of the initial Complaint.

16.     Pursuant to 28 U.S.C. §1446(a), attached to this Notice of Removal as Exhibit 1, are true copies of all process, pleadings, orders, and other papers or exhibits of every kind on file in the State Court Action.

17.     As explained in more detail below, removal defendant Mr. Goldner's timely removal is appropriate because Plaintiff seeks in excess of $75,000.00 in alleged damages and is a citizen of Florida while Mr. Goldner is from a state other than Florida.

18.     Venue is proper in the Miami Division of the Southern District of Florida because the Circuit Court in which the action is pending is within the jurisdiction of the district.

---

[2] Mr. Blatt's initial state court verified complaint, filed under penalty of perjury, states, "Plaintiff Blatt is a member of GBI along with Defendant Goldner…" This false statement was made less than an hour after Judge Gayles issued his order adopting Magistrate Judge D'Angelo's Omnibus Report and Recommendation.

**GROUNDS FOR REMOVAL – SNAP REMOVAL**

19.    This action is removable pursuant Section 1441(b)(2) by non-forum defendant Mr. Goldner since no other Defendants in the state court action have been served, regardless of their citizenship. *See* §1332(a).

20.    While the Third Circuit holds that §1441(b)(2)'s plain text allows a non-forum defendant to remove a case to federal court so long as no forum defendant has been properly joined and served at the time of removal (*Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147, 152 (3d Cir. 2018)), the district courts of Florida similarly recognize that a non-forum defendant may remove under §1441(b) before any forum defendant is served, even if the plaintiff has already joined an unserved forum defendant.[3] *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009); *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014); *Bergmann v. State Farm Mut. Auto. Ins. Co.*, 2016 WL 9414108, at *2 (N.D. Fla. Dec. 28, 2016) ("[T]he overwhelming majority of district courts that have addressed this issue have held that a non-forum defendant may remove despite the fact that the plaintiff has joined (but not yet served) a forum defendant.").

21.    A defendant may remove notwithstanding the presence of a forum defendant if no forum defendant has been "properly joined and served" at the time of removal because the parties are diverse and the amount in controversy exceeds $75,000. *Allison v. Apotex Corp.*, 2008 WL 11331976, at *2-3 (S.D. Fla. 2008).

22.    As is the case here, a non-forum defendant in a multi-defendant action may remove by "snap removal" before the forum defendant is served, because §1441(b)(2) bars removal only

---

[3] The Second Circuit in *Gibbons v. Bristol-Myers Squibb Co. and Pfizer Inc.*, 919 F.3d 699 (2d Cir. 2019) and the Fifth Circuit in *Texas Brine Co. LLC v. Am. Arbitration Ass'n. Inc.*, 955 F.3d 482 (5th Cir. 2020), have reached the same conclusions.

when a forum defendant is "properly joined and served," and the statutory text "only contemplates removal after at least some defendants are served." *Cardinale v. Feingold*, 2024 WL 3505116, at *3 (S.D. Fla. 2024) (explaining that the word "any" "intimates that the statute only contemplates removal after at least some defendants are served").[4] *Cardinale* further recognizes that "[s]nap removal by a properly served non-forum defendant … contains at least a scintilla of logic," because Congress "might have intended to provide a vehicle for that defendant to avoid being trapped in state court simply because of the identities of their co-defendants." *Id.*

23.    This reading is reinforced where there are multiple defendants—particularly a mix of forum and non-forum defendants—because the "'joined and served' language … can apply only when there are multiple named defendants," and § 1441(b) "references 'defendants' in the plural implying that the service requirement applies when there are multiple defendants." *D'Ovidio v. Royal Caribbean Cruises, Ltd.*, 640 F. Supp. 3d 1280, 1284 (S.D. Fla. 2022).[5]

24.    Conversely, courts distinguish the improper scenario in which a sole *forum* defendant removes before service, holding that "where there is only one defendant who is from the forum state, that defendant's pre-service removal does not make the removal—otherwise impermissible under the forum-defendant rule—proper." *Rising Phoenix Holding Corp. v. Ross*, 2023 WL 3032095, at *3 (S.D. Fla. 2023) (finding that where there is only one defendant and that defendant is a forum defendant, the defendant's pre-service removal does not make removal proper). *Rising Phoenix* does not apply in the instant removal.

---

[4] *Cardinale v. Feingold*, 2024 WL 3505116, at *3 (S.D. Fla. 2024) (finding that where all three defendants were forum defendants and removal was filed before service, remand was warranted, while observing that snap removal by a "properly served non-forum defendant" has "at least a scintilla of logic").

[5] *D'Ovidio v. Royal Caribbean Cruises, Ltd.*, 640 F. Supp. 3d 1280, 1284 (S.D. Fla. 2022) (finding that where the only defendant was a forum defendant, the "'joined and served' language … can apply only when there are multiple named defendants").

25.     In this case, Mr. Blatt improperly attempted to destroy diversity jurisdiction so this case stays in state court by joining but not serving a non-essential forum defendant. Rather than make objections to the Omnibus R&R or appeal the dismissal, Mr. Blatt instead chose to file the same allegations again in state court. Mr. Goldner is clearly the real defendant in this case, and thus has chosen to remove this case to federal court. The inclusion of Mr. Reiter, a currently *unserved* in-state Florida resident, is merely a sham, and if anything would be considered a nominal party. In the event that Mr. Reiter is ever served, this Honorable Court can look past the complaint to see if federal jurisdiction truly exists. Thus, Mr. Reiter's inclusion by Mr. Blatt must be ignored outright for purposes of diversity jurisdiction as Mr. Reiter is a nominal defendant in this action and is not even included in the dismissed GBI claims of Mr. Blatt's outrageous shotgun pleading.

## GROUNDS FOR REMOVAL – DIVERSITY

26.     This action is removable pursuant to 28 U.S.C. §1332 and §1441(a) & (b) because there is complete diversity between Mr. Blatt and Mr. Goldner, and the amount in controversy exceeds $75,000.00. Further, all claims arise out of a core common nucleus of facts and would be governed under supplemental jurisdiction pursuant to 28 U.S.C. §1367.

### A.   *There Is Complete Diversity Between Mr. Blatt And Mr. Goldner*

27.     A previous "Verified Complaint" filed by Mr. Blatt states that Plaintiff is "residing in Miami-Dade County at the time of the causes of action."

28.     Mr. Goldner is a citizen of Indiana.

29.     Mr. Blatt and Mr. Goldner are therefore diverse on the face of the Amended Complaint.

7

**B.** *Amount In Controversy Exceeds Diversity Jurisdiction Threshold*

30.    The Amended Complaint states that an amount allegedly in controversy of at least $422,148.55. *See* Exhibit 1 (Compl., at ¶92-93).   In addition, Mr. Blatt's Civil Cover Sheet specifies the amount in controversy to be over $100,000.00. (*See* Exhibit 1, DE. 2, State Court Action).   This exceeds the amount in controversy required to establish that this Honorable Court has jurisdiction for the purposes of this removal. 28 U.S.C. §1332(a).

## ADDITIONAL GROUNDS FOR REMOVAL – FEDERAL QUESTIONS

31.    This action is removable pursuant to 28 U.S.C. §§ 1331 (federal question) and 1441(a) (removal jurisdiction) because there are substantial Federal Questions present that require resolution. Although Mr. Blatt and certain Defendants are alleged to be Florida citizens, removal is proper under § 1331 regardless of citizenship because the basis for jurisdiction is a federal question, not solely diversity based on the Snap Removal grounds.

32.    In Mr. Blatt's initial complaint, verified and filed under penalty of perjury, he discusses Mr. Goldner's improper use of the MegaCap trademark. Therefore, under this verified statement, the use of MegaCap's trademark makes this case removable due to the Lanham Act (Trademark Act of 1946) (15 U.S.C. §§ 1114, 1125) governing the federal trademark associated with MegaCap. The United States Patent and Trademark Office governs registration, and federal courts have exclusive jurisdiction over trademark disputes.

33.    Further, between Mr. Blatt's initial and Amended Complaint, he oscillates between facts and causes of action pertaining to Civil RICO, which make this a federal question. Regardless of Mr. Blatt's ever-changing causes of action utilizing precluded factual allegations, the following federal predicates, statutes, and Acts, supporting removal include but are not limited to: Mail/Wire Fraud (18 U.S.C. §§1341, 1343), Hobbs Act Extortion (18 U.S.C. §1951), Interstate

Threats/Stalking (18 U.S.C. §§875, 2261A), Computer Fraud and Abuse Act (18 U.S.C. §1030), Lanham Act (15 U.S.C. §§1114, 1125), Defend Trade Secrets Act (18 U.S.C. §1836), and Espionage/National Security Statutes (18 U.S.C. §§793–798; 50 U.S.C. §1 et seq.). Cases like this are of "a matter of considerable magnitude and substantial federal interest." See *Ayres v. General Motors Corp.*, 234 F.3d 514 (11th Cir. 2000). Due to the interstate nature of the actions alleged, 18 U.S.C. §§1341 (mail fraud) and 1343 (wire fraud) would apply. This case necessarily requires resolving a substantial federal issue that belongs in federal court.

34.     Additionally, Mr. Blatt makes allegations relating to alleged "Mutual Contacts" which directly implicates the Defend Trade Secrets Act of 2016 ("DTSA") (18 U.S.C. §1836 et seq.). This constitutes allegations of trade-secret ownership or misappropriation governed by the DTSA. Plaintiff's description of "Mutual Contacts," including those purportedly derived from Defendant's professional and governmental work, falls squarely within the DTSA's definition of a "trade secret" under 18 U.S.C. §1839(3). Adjudicating these allegations would require determining whether the information constitutes a trade secret, whether any alleged use or disclosure occurred "in interstate commerce," and whether any misappropriation occurred—all of which are questions of federal law. Federal courts hold that the DTSA preempts parallel state-law theories when the alleged trade secret concerns interstate business or digital communications. See *M.C. Dean, Inc. v. City of Miami Beach*, 199 F. Supp. 3d 1349 (S.D. Fla. 2016) (DTSA applies when trade secrets are used in interstate commerce). Mr. Blatt and Mr. Goldner's business activities conducted were of interstate and international commerce related activities.

35.     As the Eleventh Circuit recognized in *Ayres v. General Motors Corp.*, 234 F.3d 514, 519–20 (11th Cir. 2000), when a plaintiff's state-law claims require proof of violations of federal criminal statutes as essential elements, "the federal question is of considerable magnitude

and substantial federal interest," making federal jurisdiction both proper and necessary. Accordingly, the federal court is the proper and central forum for adjudicating this action.

36.     Removal is proper where a federal question appears on the face of the complaint and is necessary to resolving the plaintiff's claims.

## REMOVAL IS TIMELY

37.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). The State Court Action is being removed within thirty days after Mr. Goldner waived service and voluntarily appeared on January 5, 2026. This removal was therefore filed within the thirty days of Mr. Goldner's first receipt of any notice of the Complaint as required under 28 U.S.C. §1446(b).

## STATE COURT NOTICE

38.     Promptly after filing this Notice of Removal, Mr. Goldner will file and serve written notice to Mr. Blatt that the matter has been removed and a copy of this Notice of Removal will be filed with the Circuit Court of Palm Beach County, Florida.

## REQUEST FOR JUDICIAL ASSIGNMENT

39.     Mr. Goldner requests that this removed State Court Action be assigned and/or reassigned to Judge Gayles and Magistrate Judge D'Angelo due to the familiarity they have with the case, the parties, in the interest of judicial economy, and in the interest of justice.

40.     There is clear and convincing evidence of bad faith filings by Mr. Blatt and forum shopping present. Mr. Blatt attempted to circumvent federal oversight by filing this State Court Action within hours after Judge Gayles adopted the Omnibus R&R and ordered the prior case closed.

41.     Further, it is clear that these claims are barred by *res judicata* and the claims were previously litigated and dismissed either with prejudice or dismissed without prejudice for Mr.

10

Blatt's lack of standing.[6] Mr. Blatt's renewed reliance on the same underlying facts and federal predicates constitutes an improper attempt to circumvent prior rulings and to re-litigate federal issues under the guise of state law.

## CONCLUSION

42.     For the foregoing reasons, Mr. Goldner removes the State Court Action to this Honorable Court the above-captioned action from the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2025-CA-008971-XXXA-MB, to the Miami Division of the Southern District of Florida.

43.     WHEREFORE, Mr. Goldner respectfully request that Plaintiff's action proceed in this Court as an action properly removed pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §1332, 28 U.S.C. § 1367, 28 U.S.C. §1441, and 28 U.S.C. §1446.

Dated:  January 5, 2026
        Miami, FL

                                Respectfully submitted,

                        By:     /s/ *Stanley Q. Casey, Esq.*
                                Stanley Q. Casey, Esq.
                                Florida Bar No.: 1031011
                                LAW OFFICES OF STANLEY Q. CASEY PLLC
                                1300 Washington Ave # 618
                                Miami Beach, FL 33139
                                Telephone: (305) 946-1510
                                Fax: (305) 939-5829
                                Email: scasey@sqcaseylaw.com
                                *Attorney for Marc J. Goldner*

---

[6] Judge D'Angelo's Omnibus R&R, adopted by Judge Gayles, states, "By Plaintiff's own admissions, he is no longer a member of GBI…" Thus, there is complete diversity between the parties and Mr. Blatt because they are not citizens of the same State, and even if GBI's membership is taken into account, Mr. Blatt has withdrawn from GBI, so this Honorable Federal Court maintains diversity jurisdiction over this matter. This Honorable Court goes on to state, "Plaintiff then argued at the August 4, 2025 hearing, as previously discussed, that his claims are brought directly. For the reasons stated above, the allegations as pled undermine that argument." Also, in footnote 14 of the Omnibus R&R, it states, "…In this case, as discussed above, Plaintiff alleges that he withdrew from GBI on April 30, 2023, or sometime before. **By voluntarily withdrawing, Plaintiff, too, gave up his rights to assert these claims.**" (emphasis added)

11

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 5, 2026, a true and correct copy of the foregoing

was served on all parties receiving notice by CM/ECF.

/s/ *Stanley Q. Casey, Esq.*
Stanley Q. Casey, Esq.