**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-80004-CIV-GAYLES/D'ANGELO**

**ELI M. BLATT, individually and derivatively on behalf of GOLDNER BLATT INVESTMENTS, LLC and MEGACAP CAPITAL, LLC, and in his representative capacity as Managing Member of MEGACAP CAPITAL, LLC, General Partner of MEGACAP FUNDS, LP – TECH I and MEGACAP FUNDS, LP – SpaceX I,**

**Plaintiff,**

**vs.**

**MARC J. GOLDNER et al.,**

**Defendants.**

_______________________________________/

**REPORT AND RECOMMENDATION**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

**THIS CAUSE** is before the Court on Plaintiff Eli M. Blatt's Motion to Remand filed on January 14, 2026 (DE 10).[1] Defendant Marc. J. Goldner responded in opposition on January 28, 2026 (DE 15), and Plaintiff replied on February 3, 2026 (DE 18). Plaintiff filed a Notice of Supplemental Authority in support of the Motion on June 26, 2026 (DE 40). Defendant Goldner filed an Amended Notice of Removal on July 10, 2026 (DE 44), and a Supplement to his Amended Notice of Removal, along with supporting exhibits, on July 15, 2026 (DE 48, 48-1, 48-2; DE 49, 49-1, 49-2). Plaintiff moved to strike the Amended Notice of Remvoal on July 22, 2026 (DE 51), and Defendant Goldner responded in opposition on July 24, 2026 (DE 53). Having considered the

[1] This case was referred to the undersigned Magistrate Judge for a ruling on all pretrial, non-dispositive matters and a report and recommendation on all dispositive matters (DE 9).

Parties' arguments, the relevant legal authorities, and the pertinent portions of the record, and being otherwise fully advised in the premises, for the reasons stated below, it is respectfully recommended that Plaintiff's Motion to Remand be **GRANTED**.

## I. PROCEDURAL BACKGROUND

On September 3, 2025, Plaintiff filed his Verified Complaint against Defendants in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (DE 1-1 at 6). On December 19, 2025, Plaintiff filed his First Amended Verified Complaint ("First Amended Complaint") – the operative pleading – against Marc J. Goldner, Rachel Korsen, Simon Divlov, The Dharma Initiative, LLC ("Dharma"), Roderyck Reiter, Goldner Blatt Investments, LLC ("GBI"), and MegaCap Capital, LLC ("MegaCap") (*id.* at 807). Plaintiff brings the following claims: in Count One, Plaintiff seeks a declaratory judgment against GBI and Defendant Goldner; in Count Two, Plaintiff alleges civil theft against Defendant Goldner and Dharma; in Count Three, Plaintiff alleges common law fraud against Defendants Goldner, Divlov, Korsen, and Dharma; in Count Four, Plaintiff alleges unjust enrichment against Defendant Goldner; in Count Five, Plaintiff alleges unjust enrichment against Defendant Goldner and Dharma; in Count Six, Plaintiff alleges conversion against Defendant Goldner and Dharma; in Count Seven (though it is mislabeled in the First Amended Complaint as Count Eight), Plaintiff alleges breach of fiduciary duties against GBI and Dharma; in Count Eight, Plaintiff alleges intentional infliction of emotional distress against Defendant Goldner; in Count Nine, Plaintiff brings a derivative claim on behalf of MegaCap for tortious interference with advantageous business relationships against Defendants Goldner, Divlov, and Reiter; in Count Ten, Plaintiff brings a derivative claim on behalf of MegaCap for breach of fiduciary duty against Defendant Goldner; in Count Eleven, Plaintiff brings a derivative claim on behalf of MegaCap for breach of contract against Defendant Goldner; in Count Twelve,

Plaintiff brings a derivative claim on behalf of MegaCap and "as representative of Tech I and SpaceX" for breach of contract against Defendants Divlov and Reiter; and in Count Thirteen, Plaintiff brings a derivative claim on behalf of MegaCap for conversion against Defendant Goldner (*id.* at 823-52).

On January 5, 2026, Defendant Goldner filed a waiver of service of process in the state court action (DE 1 ¶ 14). The same day, Defendant Goldner filed his Notice to remove the case to this Court (*see generally* DE 1). The Notice of Removal states, "[R]emoval defendant Mr. Goldner's timely removal is appropriate because Plaintiff seeks in excess of $75,000.00 in alleged damages and is a citizen of Florida while Mr. Goldner is from a state other than Florida" (DE 1 ¶ 17). The Notice then contains a section entitled "Grounds for Removal – Diversity," which again states "there is complete diversity between Mr. Blatt and Mr. Goldner, and the amount in controversy exceeds $75,000.00" (*id.* ¶ 26). The Notice states that "Plaintiff is 'residing in Miami-Dade County at the time of the causes of action[,]'" "[Defendant] Goldner is a citizen of Indiana[,]" and the amount in controversy is over $100,000 (*id.* ¶¶ 27-30). The Notice then contains a section entitled "Additional Grounds for Removal – Federal Questions," which states the following:

> This action is removable pursuant to 28 U.S.C. §§ 1331 (federal question) and 1441(a) (removal jurisdiction) because there are substantial Federal Questions present that require resolution. . . .
>
> In Mr. Blatt's initial complaint, verified and filed under penalty of perjury, he discusses Mr. Goldner's improper use of the MegaCap trademark. Therefore, under this verified statement, the use of MegaCap's trademark makes this case removable due to the Lanham Act (Trademark Act of 1946) (15 U.S.C. §§ 1114, 1125) governing the federal trademark associated with MegaCap. . . .
>
> Further, between Mr. Blatt's initial and Amended Complaint, he oscillates between facts and causes of action pertaining to Civil RICO, which make this a federal question. Regardless of Mr. Blatt's ever-changing causes of action utilizing precluded factual allegations, the following federal predicates, statutes, and Acts, supporting removal include but are not limited to: Mail/Wire Fraud (18 U.S.C. §§ 1341, 1343), Hobbs Act Extortion (18 U.S.C. § 1951), Interstate Threats/Stalking

> (18 U.S.C. §§ 875, 2261A), Computer Fraud and Abuse Act (18 U.S.C. § 1030), Lanham Act (15 U.S.C. §§ 1114, 1125), Defend Trade Secrets Act (18 U.S.C. § 1836), and Espionage/National Security Statutes (18 U.S.C. §§ 793–798; 50 U.S.C. § 1 et seq.). . . .
>
> Additionally, Mr. Blatt makes allegations relating to alleged "Mutual Contacts" which directly implicates the Defend Trade Secrets Act of 2016 ("DTSA") (18 U.S.C. § 1836 et seq.). This constitutes allegations of trade-secret ownership or misappropriation governed by the DTSA. Plaintiff's description of "Mutual Contacts," including those purportedly derived from Defendant's professional and governmental work, falls squarely within the DTSA's definition of a "trade secret" under 18 U.S.C. § 1839(3). Adjudicating these allegations would require determining whether the information constitutes a trade secret, whether any alleged use or disclosure occurred "in interstate commerce," and whether any misappropriation occurred—all of which are questions of federal law. . . .

(*id.* ¶¶ 31-36). Nine days later, Plaintiff filed his Motion to Remand, seeking to remand this action to state court, because there is not complete diversity, destroying the Court's subject matter jurisdiction (DE 10).

After its review of the removal filings, the Court issued a July 1, 2026 Order, pointing to deficiencies in the citizenship allegations set forth in the Notice of Removal and giving the Parties ten days to file evidence of citizenship, including declarations, an amended Notice of Removal, or any other appropriate evidence or documents, so the Court could assess whether there is diversity jurisdiction (DE 42). On July 9, 2026, Plaintiff filed evidence purporting to show that Plaintiff is a citizen of Florida, Defendant Divlov is a citizen of North Carolina, MegaCap's members are Plaintiff and a citizen of North Carolina, GBI's members are Plaintiff and Defendant Goldner, and "as a plaintiff and member of the defendant-limited liability companies, each of those people/entities are citizens of Florida and North Carolina, with Reiter and the [Special Purpose Vehicles ("SPVs")] residing in the Southern District of Florida" (DE 43-1). Plaintiff filed attachments including his Florida driver's license, property records showing Defendant Reiter owns property subject to the homestead exemption in Florida, and Sechdule K-1s and voting

records showing Defendant Divlov is a citizen of North Carolina (DE 43-2, DE 43-3, DE43-4, DE 43-5, DE 43-6).

Defendant Golder filed an Amended Notice of Removal on July 10, 2026, containing many of the same statements as the original Notice but clarifying that Defendant Korsen is a citizen of Illinois, Defendant Divlov is a citizen of New York, Dharma is a citizen of Illinois, Connecticut, and New York, GBI is a citizen of the same state as Defendant Goldner only, Defendant Reiter's citizenship is unknown, and "Plaintiff alleges only Mr. Reiter's residence [in Florida], not his domicile or citizenship, and Removal Defendant does not concede that a residence allegation is competent proof of citizenship" (DE 44 ¶¶ 27-36). With respect to federal question jurisdiction, the Amended Notice of Removal adds a section entitled "Removal Defendant Preserves 28 U.S.C. § 1442(a)(1)'s Acting Under Ground and Separately Seeks Leave to File Sensitive Supporting Materials Under Seal" that states, "Removal Defendant also preserves removal under 28 U.S.C. § 1442(a)(1)'s acting under provision" (*id.* ¶ 46). The Amended Notice of Removal then states:

> Removal Defendant is not a federal officer and does not contend otherwise. Rather, Removal Defendant preserves the position that, to the extent Plaintiff seeks to impose liability based on alleged "spy," intelligence related, national security related, government order, government guidance, contractor, agency, "Anonymous," or "Mutual Contacts" activity, Removal Defendant is a private person who acted under one or more federal officers within the meaning of § 1442(a)(1), and Plaintiff's claims are for or relating to acts under color of federal office.
>
> This acting under ground is not a brand new theory. The original Notice of Removal already raised federal question grounds, federal defense issues, and sensitive federal interest issues arising from Plaintiff's allegations concerning alleged "spy," intelligence, national security, federal criminal, DTSA, and "Mutual Contacts" matters and issues, including Espionage/National Security Statutes and 50 U.S.C. authorities. Those same allegations also support and implicate § 1442(a)(1) because Plaintiff seeks to impose liability for or relating to alleged intelligence related, national security related, government order, government guidance, contractor, agency, "Anonymous," "spy," and "Mutual Contacts" matters.

> Removal Defendant also preserves the required colorable federal defense element of § 1442(a)(1). Removal Defendant does not publicly brief those additional colorable defenses beyond the state secrets privilege, protections under 50 U.S.C. § 421, now codified at 50 U.S.C. § 3121, national security issues, classified information issues, privilege issues, and sensitive federal interest issues already asserted or implicated in the original Notice of Removal and remand briefing. Nor does Removal Defendant disclose sensitive supporting facts in this citizenship filing. Removal Defendant is separately seeking leave to file any necessary § 1442(a)(1) support under seal, in camera, or ex parte, if appropriate, or through any procedure the Court deems necessary.

(*id.* ¶¶ 47-50).

Defendant Goldner, with leave of Court, filed a supplement on July 15, 2026, containing a declaration of Defendant Goldner, alleging he is a citizen of a state other than Florida, Plaintiff is no longer a member of GBI, and his conduct at issue in the First Amended Complaint was "undertaken pursuant to actual federal direction, tasking, authorization, guidance, supervision, training, control, request, and/or continuing instructions" (DE 49-2 ¶¶ 7, 10, 16).[2] Defendant Goldner attached a deed that purportedly shows the sale of Plaintiff's property in Florida (*id.* at 31-33). Despite being given an opportunity to file a response to Defendant Goldner's supplement, Plaintiff declined to do so (*see* DE 46 (June 13, 2026 Order giving Plaintiff an opportunity to respond to Defendant Goldner's supplement by July 17, 2026)). On July 22, 2026, Plaintiff filed a Motion to Strike the Amended Notice of Removal and the sealed supplement as untimely and asserting new jurisdictional grounds and legal reasoning (DE 51). Defendant Goldner responded in opposition on July 24, 2026 (DE 53). Plaintiff did not file a reply to the Motion to Strike, and the time to do so has passed.

[2] The Court permitted Defendant Goldner to file an unredacted version of his Declaration under seal based on his representations that it contained sensitive material and a redacted version on the public docket (DE 48, 48-1, 48-2; DE 49, 49-1, 49-2).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. A defendant's right to remove an action against it from state to federal court is created and defined by statute, and removal statutes are strictly construed." *King v. Gov't Emps. Ins. Co.*, 579 F. App'x 796, 800 (11th Cir. 2014) (citing *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004)). "Consequently, all doubts about the propriety of removal should be resolved in favor of remand." *Id.* (citation omitted). "Where the propriety of removal is in question, the burden of showing removal is proper is on the removing party." *Torres v. AIG Claim Servs., Inc.*, 957 F. Supp. 1271, 1273 (S.D. Fla. 1997) (citing *Kirby v. OMI Corp.*, 655 F. Supp. 219, 220 (M.D. Fla. 1987)). "[F]ederal courts . . . are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).

"A district court can hear a case only if it has 'at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).'" *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA–FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)). Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331. Section 1332(a) provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C § 1332(a)(1). "'Diversity jurisdiction

requires complete diversity; every plaintiff must be diverse from every defendant.'" *Hensley v. Hartford Cas. Ins. Co.*, 113 F.4th 1327, 1332 (11th Cir. 2024) (quoting *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013)). "[D]iversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) (citation omitted).

Title 28, United States Code, Section 1441(a) governs removal of civil actions to federal court based on diversity jurisdiction and provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C § 1441(a). Known as the forum defendant rule, Section 1441(b)(2) states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2). "The removing party 'bears the burden of proving that this Court has federal jurisdiction' and 'establishing compliance with removal statute requirements.'" *Ennix v. Abbott Lab'ys*, 794 F. Supp. 3d 1177, 1180 (S.D. Fla. 2024) (citation omitted). However, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Am. Tobacco Co.*, 168 F.3d at 410. "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Id.* at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941)). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* (citation omitted).

## III. DISCUSSION

Plaintiff contends remand is proper, because Defendant Reiter "is a Florida resident who will destroy complete diversity" (DE 10 ¶ 4). According to Plaintiff, Defendant Goldner's attempt to effectuate a snap removal, whereby Defendant Goldner removed the case prior to Plaintiff effecting service of process on Defendant Reiter, who is allegedly a citizen of Florida, would be prohibited under the forum defendant rule (*id.* ¶¶ 4-5). Yet, Plaintiff claims that the Court must assess its subject matter jurisdiction based on the allegations in the operative complaint at the time of removal, not on which defendants are served at the time of removal (*id.* ¶ 6). Since the First Amended Complaint alleges that Plaintiff and Defendant Reiter are both Florida residents, Plaintiff asserts that the Court's subject matter jurisdiction is lacking, and this case must be remanded to state court (*id.*). Plaintiff also contends that there are no allegations establishing a federal cause of action in the First Amended Complaint, and Plaintiff properly asserted good faith claims against Defendant Reiter (*id.* ¶¶ 7, 9, 11).

In opposition, Defendant Goldner maintains that removal is proper, because a non-forum defendant can remove an action by snap removal at any point before a forum defendant is served (DE 15 at 6-7). Moreover, Defendant Goldner argues that there is complete diversity between him and Plaintiff, supporting the Court's subject matter jurisdiction (*id.* at 6). According to Defendant Goldner, Plaintiff "engaged in gamesmanship through fraudulently joining [Defendant] Reiter to defeat diversity because the claim against him is frivolous, impossibly relies on factual allegations of [Defendant] Goldner which are barred by preclusion doctrines, and [Plaintiff] has the wrong plaintiff" (*id.* at 7). Defendant Goldner maintains that Plaintiff fraudulently joined Defendant Reiter, because *res judicata* bars any liability as to Defendant Reiter, and this action would "require re-litigating the precluded issues" in *Blatt v. Goldner et al.*, 23-CIV-24819 (S.D. Fla.) (*id.* at 10).

Defendant Goldner further argues that if there are any viable claims against Defendant Reiter, they should be severed from this action to maintain diversity jurisdiction (*id.* at 11-13). Lastly, Defendant Goldner argues that there is federal question jurisdiction under a host of theories that he advances (*id.* at 14-18).

**A. Lack of Diversity Jurisdiction**

A case may be remanded to state court based on: "(1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed." C*orp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009). "The controversial practice of 'snap removal' is when a non-forum defendant that has been served with process removes the case to federal court before the forum defendant has been served with process, thereby circumventing the forum-defendant restriction on removal in diversity cases." *Davis, v. State Farm Fire & Casu. Co.*, et al., No. 21-CIV-0303, 2021 WL 4556023, at *6 (S.D. Ala. Oct. 5, 2021); *see also Lopez v. Martens*, No. 19-CIV-24609, 2020 WL 5742594, at *3 (S.D. Fla. Sept. 25, 2020) ("Removal before a forum defendant has been served is often referred to 'snap removal,' and many courts have deemed it proper." (citation omitted)). "However, even where snap removal is proper because a forum defendant has not yet been served in an action, the action must still be 'otherwise removable solely on the basis of the jurisdiction under section 1332(a).'" *Lopez*, 2020 WL 5742594, at *4 (quoting § 1441 (b)(2)). Put simply, "[s]nap removal has nothing to do with the complete-diversity requirement." *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1109 (8th Cir. 2023).

**1. There is No Complete Diversity**

Defendant Goldner spends much of his argument defending the practice of snap removal, but he seems to completely overlook Plaintiff's argument – not that remand is appropriate because the forum defendant rule was not violated, but – that remand is required, as there is not complete diversity among the parties. Despite Defendant Goldner's argument, "[a] defendant's non-diverse citizenship cannot be ignored simply because he was an unserved defendant." *In re Levy*, 52 F.4th 244, 248 (5th Cir. 2022) (citation and quotation omitted). Plaintiff, Defendant Reiter, and Goldner Blatt Investments, LLC ("GBI") are purportedly all citizens of Florida (DE 43-1 ¶¶ 3, 4, 7, DE 43-2, DE 43-3, DE 1-1 at 809). Defendant Goldner questions Plaintiff's statements about his own citizenship and argues that Plaintiff has not shown Defendant Reiter's citizenship and only alleged he is a Florida resident. But, Defendant Goldner totally misapprehends that it is *his burden* to show complete diversity in a removal case. *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.").

In this case, the Court *sua sponte* raised the deficiencies in the Notice of Removal regarding the allegations of citizenship for virtually all parties and gave Defendant Goldner an opportunity to correct them by filing an Amended Notice of Removal and/or evidence of the citizenship of all Parties. "Despite its being given a second opportunity to carry [his] burden of establishing the parties' citizenships, [Defendant Goldner has] failed to do so." *Beasley Forest Prods., Inc. v. N. Clearing, Inc.*, 515 F. Supp. 3d 1367, 1373 (S.D. Ga. 2021) (citations omitted). Defendant Goldner's half-hearted statement that "Mr. Reiter's citizenship is unknown" does not suffice to discharge his burden, not Plaintiff's. *See Grimsley v. Dollar Tree Stores, Inc.*, No. 23-CIV-462, 2023 WL 12171702, at *1 (M.D. Fla. Aug. 24, 2023) ("The defendant must prove these

jurisdictional facts by a preponderance of the evidence." (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)); *see also Beasley Forest Prods.*, 515 F. Supp. 3d at 1372 ("[I]t is not Plaintiffs' burden to demonstrate that diversity jurisdiction exists; because Defendants removed the case to this Court, Defendants bear the burden of demonstrating complete diversity.").[3] "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Am. Tobacco Co.*, 168 F.3d at 411. Defendant Goldner has failed to demonstrate that the Court has diversity jurisdiction on the instant record, where the evidence shows Plaintiff is a citizen of Florida and Defendant Reiter is a resident of Florida with unestablished citizenship.[4]

Defendant Goldner then perplexingly comments, without any citation to authority, that there is complete diversity between Plaintiff and Defendant Goldner, supporting subject matter jurisdiction. But, "[j]urisdiction is determined by looking to the face of the plaintiffs' well-pleaded complaint . . . at the time of removal." *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) (citation omitted). And there are several other parties joined in the First Amended Complaint besides Plaintiff and Defendant Goldner. Ultimately, the Court need not pass upon the propriety of the snap removal as violative of the forum defendant rule if the jurisdictional basis is

---

[3] In his opposition to the Motion to Remand, Defendant Goldner highlighted that allegations of residency in the First Amended Complaint were deficient to establish citizenship and suggested that "[t]he appropriate course is limited jurisdictional discovery targeted to the domicile of Mr. Blatt, Mr. Reiter, and LLC membership/citizenship" (DE 15 at 14). Jurisdictional discovery is appropriate for "discovery of jurisdictional facts genuinely in dispute." *Am. C.L. Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017). Importantly, Defendant Goldner did not raise any request or need for jurisdictional discovery after the Court permitted the Parties to file additional evidence of citizenship or identify any jurisdictional facts genuinely in dispute. Therefore, any request for jurisdictional discovery at this point has been waived based on Defendant Goldner's failure to file an appropriate motion with such a request or re-raise it in any fashion following the Court's Order requiring additional evidence of citizenship.

[4] The Court need not reach the issue of whether Plaintiff is a member of GBI, and therefore, GBI also destroys diversity, since Defendant Goldner has failed to show that Defendant Reiter is completely diverse from Plaintiff.

lacking in the first instance.[5] *See Lopez*, 2020 WL 5742594, at *4 ("Even if courts only look to the served defendants to satisfy the forum defendant restriction, the Eleventh Circuit has made clear that for the purposes of *diversity jurisdiction*, courts must look to the plaintiff's pleading at the time of removal." (citing *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 948 (11th Cir. 2000))). Absent complete diversity based on the operative pleading at the time of removal or some other jurisdictional basis, there is no subject matter jurisdiction, and the case must be remanded.

**2. Fraudulent Joinder and Severance**

Defendant Goldner's argument that Plaintiff fraudulently joined Defendant Reiter to destroy complete diversity is also unpersuasive.

> To establish fraudulent joinder, "the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court."

*Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). "The burden of the removing party is a 'heavy one.'" *Crowe*, 113 F.3d at 1538 (citation omitted).

Defendant Goldner's fraudulent joinder argument asserts that the claims against Defendant Reiter "are built on the premise that Mr. Goldner committed alleged fiduciary breaches and related

[5] Courts in this Circuit are skeptical of snap removal and will remand the action back to state court for lack of diversity jurisdiction. *See D'Ovidio v. Royal Caribbean Cruises, Ltd.*, 640 F. Supp. 3d 1280, 1285 (S.D. Fla. 2022) (remanding a case removed by snap removal); *Lopez*, 2020 WL 5742594, at *4 (noting that "even where snap removal is proper because a forum defendant has not yet been served in an action, the action must still be "otherwise removable solely on the basis of the jurisdiction under section 1332(a)." (citation and quotation omitted)); *see also Rising Phoenix Holding Corp. v. Ross*, No. 22-CIV-62147, 2023 WL 1992318, at *3 (S.D. Fla. Jan. 5, 2023), *report and recommendation adopted*, No. 22-CIV-62147, 2023 WL 3032095 (S.D. Fla. Apr. 21, 2023) ("Various courts in the Southern District of Florida cite to *Goodwin* and have determined in recent years that remand is appropriate in snap removal cases."); *Cardinale v. Feingold*, No. 24-CIV-20203, 2024 WL 3505116, at *4 (S.D. Fla. Mar. 6, 2024) (collecting cases).

misconduct, those claims are barred, because they could have been litigated in the Prior Action against Mr. Goldner and are precluded by *res judicata*" (DE 15 at 10). In Count Nine of the First Amended Complaint, Plaintiff alleges that as the Managing Member of MegaCap, he "was responsible for managing Mega[C]ap's relationships with its limited partners (LPs), vendors, and prospective investors" (DE 1-1 at 845). Plaintiff further alleges that Defendant Reiter, along with several of his co-defendants had knowledge of these relationships and confidential information concerning them (*id.* at 846). Plaintiff claims that they intentionally and maliciously interfered with Plaintiff's relationship with investors, partners, and vendors by making false and disparaging statements about Plaintiff, attempting to discredit or replace Plaintiff, and disrupt Plaintiff's control over MegaCap to divert business relationships and opportunities for their own gain (*id.*). In Count Twelve, Plaintiff alleges that Defendant Reiter entered into governing documents in relation to two MegaCap SPVs, which included confidentiality provisions, and Defendant Reiter breached those provisions by sending the November 2023 letter, which "position[ed] Reiter as a 'rightful Managing Partner of MegaCap'" and contacting a MegaCap limited partner by phone conveying a threat to Plaintiff (*id.* at 841, 850).

Defendant Goldner makes little effort to explain what the "precluded issues" are or how *res judicata* applies when Defendant Reiter was not a party to a prior action. *See Adams v. S. Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1289 (11th Cir. 2007) ("*Res judicata,* or claim preclusion, will prohibit a party from re-litigating a claim where a judgment on the merits (involving the same claim and the same parties) exists from a prior action."). Nor does he explain how Defendant Reiter's liability for either claim is dependent on re-litigating precluded issues against Defendant Goldner. Glaringly absent from Defendant Goldner's opposition is any supporting authority concerning *res judicata* or how it applies to this case, particularly when Defendant Goldner

attempts to extend its application to a defendant who was not part of a prior action (DE 15 at 9-11). Defendant Goldner has not satisfied his "heavy" burden *by clear and convincing evidence* that Plaintiff fraudulently joined Defendant Reiter to this action. Defendant Goldner's arguments that Plaintiff did not meet federal pleading requirements for a derivative claim or join other potential parties are also unavailing. These arguments do not establish that there is no possibility for Plaintiff to state a claim against Defendant Reiter. *See Miller v. R.J. Reynolds Tobacco Co.*, 502 F. Supp. 2d 1265, 1271 (S.D. Fla. 2007) (remanding the case to state court after the defendants "have not met their 'heavy burden' of proving with 'clear and convincing evidence' that the plaintiff fraudulently joined a defendant, when there was "at least the possibility" that the complaint stated a claim); *see also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." (emphasis original)). Lastly, Defendant Goldner's argument that the claims against Defendant Reiter should be severed to create diversity jurisdiction, again without citation to any authority, has been rejected by numerous courts. *See In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 20-MD-2924, 2021 WL 650608, at *3 (S.D. Fla. Feb. 19, 2021) ("Federal courts have frowned on using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent." (collecting cases)). Defendant Goldner simply presents no colorable basis for the Court to find that Defendant Reiter was fraudulently joined in the First Amended Complaint.

**B. Lack of Federal Question Jurisdiction**

Defendant Goldner also raises several arguments that in addition to complete diversity, the Court has other bases for its subject matter jurisdiction over this action. First, even though the First Amended Complaint only alleges state law claims, Defendant Goldner asserts that federal

question jurisdiction exists, because Plaintiff's claims raise substantial federal issues and are completely preempted by federal law (DE 15 at 14-18). Specifically, Defendant Goldner contends that Plaintiff's allegations that Defendant Goldner acted as a "spy" require interpretation of federal intelligence, espionage, and national-security laws (*id.* at 16-17). He further argues that Plaintiff's requested injunctive relief concerning the use of MegaCap's name implicates the Lanham Act, Plaintiff's allegations of an "association-in-fact" and felonious conduct amount to a disguised civil RICO theory involving federal predicate offenses, and the allegations of "Mutual Contacts" raise federal trade-secret issues under the DTSA (*id.* at 14-18). Second, in his Amended Notice of Removal, Defendant Goldner contends that removal is proper under Section 1442(a)(1) – the federal officer removal statute (DE 44 ¶¶ 46-49). Defendant Goldner argues that to the extent Plaintiff seeks to impose liability based on Defendant Goldner's alleged "'spy,' intelligence related, national security related, government order, government guidance, contractor, agency, 'Anonymous,' or 'Mutual Contacts'" activities, Defendant Goldner was a private person acting under one or more federal officers, and Plaintiff's claims relate to acts performed under color of federal office (*id.* ¶ 48).

Plaintiff replies that the operative First Amended Complaint asserts only state law causes of action and presents no federal question on its face (DE 18 ¶ 14; DE 10 ¶ 10). According to Plaintiff, Defendant Goldner improperly relies on allegations from prior pleadings, because the operative complaint contains no trademark or civil RICO claims, identifies no federal predicate offenses, and does not require proof of any violation of federal criminal law (DE 10 ¶ 11). Plaintiff further argues that the First Amended Complaint's single passing reference to Defendant Goldner's "Mutual Contacts" neither alleges trade secret misappropriation nor otherwise implicates the DTSA (*id.*). Plaintiff therefore maintains that no federal issue is necessary to resolve

the asserted claims and that federal question jurisdiction is absent. Plaintiff also contests Defendant Goldner's reliance on Section 1442(a)(1), arguing that this jurisdictional ground was not raised in the original Notice of Removal and has thus been waived (DE 51 at 4).

**1. There are No Federal Claims**

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The well-pleaded complaint rule means that a federal question is 'presented' when the complaint—on its face—invokes federal law as the basis for relief. The plaintiff is thus 'the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'" *Schleider v. GVDB Operations, LLC*, 121 F.4th 149, 156 (11th Cir. 2024) (citation omitted). However, "[e]ven when a plaintiff has pled only state-law causes of action, he may not avoid federal jurisdiction if either (1) his state-law claims raise substantial questions of federal law or (2) federal law completely preempts his state-law claims." *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).

"For a state-law claim to advance a 'substantial' question of federal law, it's not enough that the state-law claim requires proof of a violation of federal law." *MedSoftSys, Inc. v. CoolMoon Corp.*, 553 F. Supp. 3d 1275, 1279 (S.D. Fla. 2021). Rather, federal law must be an "essential element" of the claim, and "the federal right or immunity that forms the basis of the claim must be such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another." *Mobil Oil Corp. v. Coastal Petroleum Co.*, 671 F.2d 419, 422 (11th Cir. 1982). "The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction, and the state law claim must really and

substantially involve a dispute or controversy respecting the validity, construction or effect of federal law." *Delta Build Servs., Inc. v. E2F Homes, LLC*, No. 25-CIV-995, 2025 WL 3647962, at *2 (M.D. Fla. Dec. 17, 2025) (citation and quotations omitted). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005)). The "substantial" requirement is "[about] the importance of the issue to the federal system as a whole[,]" and all four of the requirements must be shown. *AST & Sci. LLC v. Delclaux Partners SA*, 143 F.4th 1249, 1253 (11th Cir. 2025).

Defendant Goldner has not identified any discrete federal issue necessarily raised by an element of any claim in the First Amended Complaint. His generalized references to federal criminal, intelligence, national security, trade secret, RICO, and trademark statutes do not explain what question of federal law must be decided to resolve Plaintiff's claims for declaratory relief, civil theft, fraud, unjust enrichment, breach of contract, breach of fiduciary duty, or other pleaded state law claims. The asserted federal issues are merely factual allegations supporting specifically identified state-law causes of action. Plaintiff's allegations that Defendant Goldner represented he was a "freelance spy" and would provide GBI with revenue generated through his "Mutual Contacts" is one of several alleged misrepresentations that support Plaintiff's declaratory judgment claim concerning the validity of the GBI Agreement, common-law fraud claim, unjust-enrichment claims, and claim for breach of fiduciary duty related to GBI. Whether Defendant Goldner made the alleged representations and whether they were false are factual questions that do not require the application of any federal intelligence or espionage statute. Likewise, "felonious intent" is

alleged as part of Plaintiff's civil theft claim under Florida law, and the single use of the phrase "association-in-fact" appears in a factual allegation describing Defendants' alleged coordination in preparing and distributing the November 2023 letter to MegaCap's limited partners (DE 1-1 ¶¶ 95, 188). The Amended Complaint does not plead a RICO claim under either federal or Florida law, nor does it require proof of any federal criminal offense as a predicate to a pleaded claim.[6] Moreover, the request to enjoin Defendant Goldner from interference with MegaCap's business or use of its name is sought under the breach of fiduciary duty and breach of contract claims and does not require proof of a Lanham Act violation (*id.* ¶¶ 216-226). Accordingly, Plaintiff's state law claims neither raise nor require the Court to resolve a substantial dispute concerning the validity, construction, or effect of any federal law.

"A defendant cannot create federal jurisdiction by proclaiming there is an issue of federal law when the complaint contains no such claims or allegations." *Alford v. Alford*, No. 26-CIV-121, 2026 WL 346231, at *2 (M.D. Fla. Feb. 9, 2026). As the master of his complaint, Plaintiff was entitled to pursue only state law claims and thereby choose a state forum. *See Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) ("[T]he plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available."); *see also Mannsfeld v. Evonik Degussa Corp.*, No. 10-CIV.A-0553, 2011 WL 53098, at *5 (S.D. Ala. Jan. 5, 2011) ("[T]he Court will not rewrite the pleadings or manipulate

---

[6] Even if the First Amended Complaint included a civil RICO claim, Defendant's reliance on *Ayres v. General Motors Corp.*, 234 F.3d 514 (11th Cir. 2000) is misplaced. *Ayres* involved state RICO claims that expressly required proof of federal mail and wire fraud predicates, the proof of which required resolution of a substantial, disputed question of law. 234 F.3d at 518. There, the "resolution of th[at] case depend[ed] entirely on interpretation of the federal mail and wire fraud statutes and their interaction with the Safety Act." *Id.* The Eleventh Circuit subsequently emphasized that this was "one of those exceptional cases[,]" and it did not hold that every state RICO claim requiring proof of federal mail and wire fraud offenses establishes federal question jurisdiction. *Id.*

plaintiff's stated theory of recovery to cram non-federal claims against particular defendants into a federal jurisdictional box."). Defendant Goldner cannot manufacture federal question jurisdiction by recasting Plaintiff's allegations as federal claims merely because he prefers to litigate in federal court.

Complete preemption also does not supply jurisdiction here. "Under the complete preemption doctrine, a complaint that (on its face) raises only state-law claims can still be removed 'when a federal statute wholly displaces the state-law cause[s] of action through complete pre-emption.'" *Poet Theatricals Marine, LLC v. Celebrity Cruises, Inc.*, No. 21-CIV-10410, 2023 WL 3454614, at *3 (11th Cir. May 15, 2023). "A state-law claim is completely preempted (and thus removable) if (1) a federal statute creates an exclusive cause of action and (2) the state-law claim falls within that exclusive federal cause of action." *Id.* at *1. "Complete preemption is a rare doctrine . . . ." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1261 (11th Cir. 2011). "To date, the Supreme Court has identified only three statutes that completely preempt related state-law claims: (1) § 301 of the Labor Management Relations Act, 29 U.S.C. § 185; (2) § 1132 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.;* and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C. § 21 *et seq.*" *Dunlap*, 381 F.3d at 1291 (citing *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 7-11, (2003)).

None of the federal statutes identified by Defendant Goldner wholly displace the state law causes of action pleaded or supply an exclusive federal cause of action into which those claims are converted. Defendant's cursory invocation of various federal, criminal, intelligence, and national-security statutes does not establish complete preemption. Defendant neither identifies the particular statutory provisions allegedly implicated nor explains which state law causes of action they displace or what exclusive federal cause of action replaces them. Indeed, most of the cited

provisions are criminal statutes or otherwise create no private right of action, and the limited civil remedies available under others do not encompass, much less exclusively govern, Plaintiff's claims. *See e.g.*, *In re Nat'l Sec. Agency Telecommunications Recs. Litig.*, 483 F. Supp. 2d 934, 940 (N.D. Cal. 2007) (rejecting argument that the Foreign Intelligence Surveillance Act completely preempted state law privacy claims); *Ball v. Ivey*, No. 21-CIV-1363, 2023 WL 3991069, at *8 (N.D. Ala. May 24, 2023) ("Multiple courts have held that the U.S. Patriot Act does not provide for a private cause of action."); *Saddiq v. Amazon.com*, No. 20-CIV-15934, 2021 WL 3743861, at *1 (9th Cir. Aug. 24, 2021) (finding the district court properly dismissed a "claim under the Economic Espionage Act because there is no private right of action for misappropriation of trade secrets under this criminal statute."). Likewise, the DTSA expressly provides that it shall not "preempt or displace" state-law remedies for trade-secret misappropriation. 18 U.S.C. § 1838. The First Amended Complaint does not allege that the "Mutual Contacts" constitute trade secrets or that Defendants misappropriated them. Accordingly, Defendant Goldner has not identified any federal statute that completely preempts a claim asserted in the First Amended Complaint, and complete preemption therefore does not supply federal question jurisdiction.

**2. There is No Jurisdiction Under 28 U.S.C. § 1442(a)(1)**

At the outset, Plaintiff contends that the Court should not consider Section 1442(a)(1) as a basis for removal (DE 51 at 1). Plaintiff argues that Section 1442(a)(1) constitutes a new and independent ground for removal that was absent from the original Notice of Removal and was asserted more than six months later, outside the thirty-day removal period (*id.* at 3). Plaintiff further contends that Section 1653 permits a defendant to amend a notice of removal to correct defective allegations concerning an existing jurisdictional basis but not to add an entirely new basis of jurisdiction to support removal (*id.* at 4).

Defendant Goldner argues that the original Notice of Removal sufficiently raised Section 1442(a)(1) as a basis for removal, and the Amended Notice merely clarifies those allegations, rather than raising a new ground for removal (DE 53 at 5). Specifically, Defendant Goldner contends that the original Notice of Removal cited the federal espionage and national security statutes, including Title 50, United States Code, Section 1 *et seq.*—which Defendant Goldner contends encompasses Section 3121—discussed his alleged professional and governmental work, and raised related federal defenses and sensitive federal interest issues (DE 53 at 5; DE 49-1 at 3). Defendant Goldner therefore maintains that Section 1442(a)(1) was raised "by direct implication" in the original Notice of Removal and that the Amended Notice merely clarified a previously preserved ground for removal (*id.*). The Court finds this contention dubious. A single, unexplained citation to a federal statute is not sufficient to assert Section 1442(a)(1) as ground for removal. *See Lilburn Realty LLC v. McCleary*, No. 15-CIV-3676, 2015 WL 13776722, at *2 (N.D. Ga. Oct. 26, 2015) ("Citation to federal statutes in a notice of removal does not provide a proper basis for removal."); *see also Hayduk v. United Parcel Serv., Inc.*, 930 F. Supp. 584, 592 (S.D. Fla. 1996) (rejecting defendant's argument "that its reference to 28 U.S.C. § 1331 in its notice of removal should be considered as an implicit reference to § 1441(c).").

The failure to allege a certain jurisdictional ground in a Notice of Removal is a "defect," which can be cured freely within the thirty-day removal period. *See Old Cove Condo. of Naples, Inc. v. Underwriters at Lloyd's, London, ICAT Syndicate 4242*, No. 18-CIV-384, 2018 WL 4002109, at *1 (M.D. Fla. Aug. 22, 2018) ("During this thirty-day period, the notice of removal may be freely amended."). "Thereafter, however, the failure to allege a ground for removal cannot be cured, if objected to as untimely, by the addition of the new ground." *Smith v. Am. Med. Sys., Inc.*, No. 09-CIV-168, 2009 WL 10688480, at *1 (N.D. Ala. Aug. 25, 2009), *report and*

*recommendation adopted*, No. 09-CIV-168, 2009 WL 10688481 (N.D. Ala. Sept. 25, 2009). Instead, after the thirty-day deadline has expired, a defendant may amend a notice of removal only to explain or clarify jurisdictional allegations. *See id.* at *3 ("Section 1653 authorizes amendments to clarify or explain jurisdictional allegations timely asserted within the thirty-day window but does not allow for the *post hoc* allegation of new grounds."). Thus, "[a] court's jurisdiction in a removed action must be determined by reference to the notice of removal, and a defendant cannot raise new grounds for removal in opposition to a motion for remand." *Nanotech Ent., Inc. v. R&T Sports Mktg., Inc.*, No. 14-CIV-61608, 2014 WL 12611203, at *2 (S.D. Fla. Sept. 24, 2014) (citation omitted).

Here, the original Notice of Removal did not imperfectly assert Section 1442(a)(1); it omitted that jurisdictional ground all together. The Notice expressly invoked diversity jurisdiction under Section 1332 and federal question jurisdiction under Section 1331 as the basis for removal (DE 1 at 1, 8). Section 1442(a)(1) does not appear anywhere in the Notice. Nor did the Notice allege that Defendant Goldner acted under a federal officer, that Plaintiff's claims relate to conduct performed under color of federal office, or that Defendant Goldner possessed a colorable federal defense. Its references to espionage and national-security statutes appear solely within its federal question argument and did not implicitly assert federal officer removal (DE 1 at 9). The Amended Notice, by contrast, expressly invokes Section 1442(a) and for the first time, addresses each of those statutory requirements (DE 44 ¶¶ 46-50). In response, Plaintiff objected to the addition of the new jurisdictional ground as untimely by filing the Motion to Strike (DE 51 at 4). Although Defendant Goldner characterizes the omission of an explicit reference to Section 1442(a)(1) as a defective jurisdictional allegation and the Amended Notice as a mere clarification, the repeated and deliberate identification of other jurisdictional statutes throughout the original Notice belies

that characterization. In sum, by failing to assert Section 1442(a)(1) in the original Notice of Removal and failing to amend within the thirty-day removal period, Defendant Goldner should not be permitted to interject new jurisdictional grounds through an untimely Amended Notice.[7]

Nevertheless, even if the Amended Notice of Removal clarified deficient jurisdictional allegations, rather than adding new ones, Defendant Goldner still has not shown that the Court has federal question jurisdiction over this matter. Under Section 1442(a)(1),

> A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court . . . The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). "If the statutory prerequisites are satisfied, section 1442(a)(1) provides an independent federal jurisdictional basis." *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996).

Defendant Goldner acknowledges that he is not a federal officer (DE 48-1 at 3). Rather, he claims that "[t]he acting under ground is preserved only to the extent Plaintiff seeks to impose liability for or relating to alleged "spy," intelligence related, national security related, government order, government guidance, contractor, agency, "Anonymous," "Mutual Contacts," or similar activity (*id.*). He contends that, to the extent Plaintiff seeks to impose liability for such activities, he was a private person acting under one or more federal officers, and Plaintiff's claims relate to

[7] The Court's July 1, 2026 Order did not authorize Defendant Goldner to assert new grounds for removal (DE 42). Because the First Amended Complaint and Notice of Removal did not adequately allege the citizenship of all parties, the Court directed the Parties to submit evidence *clarifying citizenship* including, if appropriate, through an amended notice of removal so that the Court could determine whether complete diversity existed (*id.* at 1-2). The Order expressly limited the Parties' filings *to evidence of citizenship* and prohibited further briefing or argument on the Motion to Remand absent leave of Court (*id.* at 2).

acts performed under color of federal office (DE 49-1 at 2, 5; DE 49-2 ¶ 16). "For a private entity to remove a case under § 1442(a)(1), the entity must show that it: (1) "is a person within the meaning of the statute who acted under a federal officer"; (2) "performed the actions for which it is being sued under color of federal office"; and (3) "raise[d] a colorable federal defense." *Schleider*, 121 F.4th at 158. "[T]he defendant must establish that there is a 'causal connection between what the officer has done under asserted official authority' and the action against him." *Magnin*, 91 F.3d at 1427 (citation omitted).

**i. Acting Under a Federal Officer**

Defendant Goldner has not carried his burden of establishing that he acted under a federal officer. As the removing party, Defendant Goldner was required to demonstrate that his conduct was "performed pursuant to the direct and detailed control of an officer of the United States." *Premier Inpatient Partners LLC v. Aetna Health & Life Ins. Co.*, 362 F. Supp. 3d 1217, 1223 (M.D. Fla. 2019). Fundamentally, the relevant conduct "must involve an effort to assist, or to help carry out, the duties or tasks of the federal superior," and "the relationship between the private person and the federal officer must be one of subjection, guidance, or control." *Schleider*, 121 F.4th at 158 (quotations omitted). Merely "[a]sserting that a defendant's conduct is performed at the general direction of a federal agency does not rise to the level of removal based on 28 U.S.C. § 1442(a)(1)." *Kennedy v. Health Options, Inc.*, 329 F. Supp. 2d 1314, 1318 (S.D. Fla. 2004).

Consistent with these principles, "[c]ourts within the Eleventh Circuit have found that a private entity defendant acts under federal authority where there is evidence detailing the defendant's relationship with the government." *Smiley v. Honeywell Int'l, Inc.*, No. 14-CIV-3852, 2015 WL 13285091, at *3 (N.D. Ga. Apr. 20, 2015). No such evidence exists here. Although Defendant Goldner's declaration recites that his activities were undertaken pursuant to "actual

federal direction, tasking, authorization, guidance, supervision, training, control, request, and/or continuing instructions," he provides no facts identifying the federal officer or agency under whom he acted, the governmental task he allegedly assisted in performing, or the nature of the asserted direction or control (DE 49-2 ¶ 16). Nor does he identify a federal contract or other agreement requiring him to perform a function that the Government would otherwise have to perform. *See Schleider*, 121 F.4th at 158 ("In other words, the private person must help federal officers fulfill a basic governmental task that the government otherwise would have had to perform."). Defendant Goldner has not submitted a declaration from any federal official or agency or other documentary evidence corroborating the alleged relationship. And no government agency or party has sought to intervene in this matter. The only evidentiary support provided to the Court is Defendant Goldner's declaration that merely asserts conclusory statements mirroring the governing standard but not the underlying facts necessary to satisfy it.[8]

*Venezia v. Robinson*, 16 F.3d 209 (7th Cir. 1994) illustrates the factual showing sufficient to establish that a private person acted under a federal officer. There, the removing defendant submitted an affidavit stating that, at all pertinent times, he acted at the direction of FBI agents as

---

[8] Defendant Goldner repeatedly states that he has only provided the Court with what he believes is necessary to satisfy Section 1442(a)(1) and what he believes he can lawfully disclose (DE 49-1 at 4-5, 7; DE 49-2 ¶ 5). He further states that if the Court needs more information, he should be permitted to make additional submissions to the Court (*id.* at 5). As previously discussed, Defendant Goldner bears the burden of establishing that removal was proper based on this Court's subject matter jurisdiction, and the Court is not required to provide him with guidance on how to fix an insufficient notice of removal and then allow him to fix it. *See BG Strategic Advisors, LLC v. Freighthub, Inc.*, No. 21-CIV-80299, 2021 WL 2531066, at *1 (S.D. Fla. Feb. 11, 2021) ("Defendant has filed a Notice of Removal . . . and therefore has the burden of establishing that removal is warranted."). Moreover, the Court has already permitted Defendant Goldner to submit all evidence he requested permission to file, utilizing a procedure he suggested to protect any purported sensitive information contained therein (DE 46). Defendant Goldner has been afforded a full opportunity to make his arguments as to why removal was proper and provide any evidence in support thereof on the current record.

part of a federal criminal investigation and that, during the particular meeting giving rise to the plaintiff's claims, he wore a recording device at the FBI's request. *Id.* at 211. Two FBI agents submitted affidavits corroborating those assertions, the United States Attorney contended that the defendant was a "person acting under a federal agent," and the plaintiff's suit sought to enjoin the very conduct the defendant allegedly undertook as part of the FBI's ongoing operation. *Id.* Here, by contrast, Defendant Goldner identifies no federal officer or agency under whose direction he acted, no specific federal investigation or governmental task with which he assisted, no particular instruction or request he followed, and no challenged act he performed pursuant to federal direction. No federal official or agency has submitted an affidavit or other evidence corroborating Goldner's assertions or providing the information that he is purportedly unable to provide. Thus, unlike the detailed and independently corroborated showing in *Venezia*, Defendant Goldner offers only his own vague assertions of federal direction and control, which are plainly insufficient.

**ii. Raised a Colorable Federal Defense**

Because Defendant Goldner has not established that he acted under a federal officer, the Court need not determine whether he has raised a colorable federal defense. However, even under the lenient standard governing this requirement, Defendant Goldner's submissions are again insufficient. "The colorable federal defense need only be plausible; its ultimate validity is not to be determined at the time of removal." *Caver v. Cent. Alabama Elec. Coop.*, 845 F.3d 1135, 1145 (11th Cir. 2017). Defendant Goldner identifies various grounds including the "Supremacy Clause Immunity," "conflict preemption," "federal common law defenses," "state secrets privilege,"[9]

[9] To the extent Defendant Goldner invokes the state secret privilege, that privilege "belongs to the Government and must be asserted by it; it can neither be claimed nor waived by a private party. It is not to be lightly invoked. There must be formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." *United States v. Reynolds*, 345 U.S. 1, 7-8 (1953). Thus, Defendant Goldner cannot invoke this

"protections under 50 U.S.C § 421," "national security issues," "classified information issues," "privilege issues," and "sensitive federal interest issues" (DE 44 ¶ 50; DE 49-2 at 12-14). Yet, Defendant Goldner fails to identify specific statutory provisions or another factual basis explaining how an asserted defense applies to the conduct underlying Plaintiff's claims. Even after reviewing the sealed submission, the Court cannot determine which specific defense is asserted against which claim or why any such defense to that claim is plausible.

The First Amended Complaint asserts a variety of causes of action involving distinct elements, including civil theft, fraud, unjust enrichment, breach of fiduciary duty, and breach of contract (*see generally* DE 1-1 at 823-852). Although Defendant Goldner need not establish every listed defense against every count, he must articulate at least one plausible federal defense and explain its connection to the conduct for which Plaintiff seeks to impose liability. He has not done so. The Court carefully reviewed the original and Amended Notices of Removal, Defendant Goldner's supplemental submissions, and the supporting materials filed under seal. And the Court afforded Defendant Goldner an opportunity to file the supporting materials that he believed were necessary to support his arguments under seal, at his request. Importantly, it remains Defendant Goldner's burden to formulate his arguments and set forth a colorable federal defense; the Court is not required to search the record and construct a defense on his behalf through unclear, confusing, and perfunctory statements. *See St. Charles v. Int'l Sec. Guard Servs., Inc.*, No. 24-CIV-22063, 2025 WL 4643267, at *4 (S.D. Fla. Dec. 3, 2025) ("It is not the job of the court to search through the record and make arguments for the parties."); *see also Williams v. Hous. Auth.*

---

privilege, and no federal agency or department head has invoked the privilege or appeared in this action. *See Smartmatic USA Corp. v. Montgomery*, No. 23-MC-5, 2023 WL 4662241, at *2 (M.D. Fla. July 20, 2023) (concluding a private individual lacked standing to invoke the state secrets privilege where the Government had neither intervened nor asserted the privilege).

*of Savannah, Inc.*, 834 F. App'x 482, 489 (11th Cir. 2020) ("The onus is on the parties to formulate arguments; the court has no obligation to distill every potential argument that could be made based upon the materials before it."). Simply put, Defendant Goldner has not plausibly argued that he has a colorable federal defense to any claim in the First Amended Complaint.

**iii. Causal Connection to Claims**

To support removal under the federal officer removal statute, Defendant Goldner must establish some causal connection or association between the alleged conduct in the First Amended Complaint and the directives he was given by a federal officer. *See State v. Meadows*, 88 F.4th 1331, 1348 (11th Cir. 2023) (noting although the "bar for proof is quite low" defendant "must be 'specific and positive' in showing that his charged conduct 'was confined to his acts as an officer.'"). Section 1442(a)(1) does not require a defendant to "show that his federal duties specifically required or strictly caused the challenged conduct." *Chevron USA Inc. v. Plaquemines Par., Louisiana*, 146 S. Ct. 1052, 1060 (2026). Even still, the defendant must plausibly allege "a close relationship between its challenged conduct and the performance of [his] federal duties—not a tenuous, remote, or peripheral one." *Id.*

Under that broad standard, Defendant Goldner has not established the requisite causal connection. Defendant Goldner assets generally that Plaintiff's claims relate to alleged "spy," intelligence, national security, government guidance, and "Mutual Contacts" activities (DE 44 ¶ 48). But, the First Amended Complaint seeks to impose liability for alleged misrepresentations made to induce Plaintiff to enter a private business arrangement and transfer funds; the acquisition, ownership, and retention of non-fungible tokens and bitcoin miners; the alleged diversion or conversion of funds and assets; and breaches of contractual and fiduciary obligations arising from the Parties' relationships (DE 1-1 ¶¶ 22-70, 115-119, 216-232). Defendant Goldner does not

identify any particular federal assignment or instruction and explain how it relates to any portion of the alleged conduct. Nor does he provide facts showing that a federal officer directed him to make the alleged misrepresentations, solicit or accept Plaintiff's funds, retain those assets or funds, or engage in other conduct underlying Plaintiff's claims. Indeed, the allegations that Defendant Goldner represented himself as a "freelance spy" and promised GBI revenue from his "Mutual Contacts" does not, without more, establish that the conduct for which Plaintiff seeks relief was performed under color of federal office.

Taken together, the foregoing jurisdictional deficiencies require remand. Although the federal officer removal statute is construed liberally, Defendant Goldner bears the burden of establishing each statutory prerequisite for its application. *See Premier Inpatient Partners LLC*, 362 F. Supp. 3d at 1224 (noting although Section 1442(a)(1)'s "'acting under' language is 'broad, and the statute must be liberally construed,' this 'broad language is not limitless.'" (citation omitted)). Moreover, because removal to federal court implicates significant federalism concerns, removal statutes are strictly construed, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Am. Tobacco Co.*, 168 F.3d at 411. Here, Defendant Goldner's generalized references to federal statutes, national security interests, federal defenses, and purported federal direction do not establish either federal question jurisdiction or the requirements for federal officer removal under Section 1442(a)(1), which was not properly raised in the original Notice of Removal in the first instance. To the extent any uncertainty remains after a review of Defendant Goldner's submissions, that uncertainty counsels in favor of remand. The practical consequences of retaining a case despite such uncertainty reinforce that conclusion. As another court in this District recently explained:

> [C]onsider the consequences if we are wrong on this point. As the analysis shows above, the debate here really is not that close. But say it was, and we opted to accept

> Defendants' view of federal question jurisdiction and found that . . . we should proceed with the action and deny remand. The Court and parties could endure very expensive and time-consuming litigation, resulting in possibly a lengthy trial. And then all this effort would only be met with [an appeal] that held that all that time and effort was wasted due to lack of federal subject matter jurisdiction.

*Cetindag v. Murphy*, No. 26-CIV-21964, 2026 WL 1875150, at *9 (S.D. Fla. June 30, 2026). This action presents thirteen state law causes of action arising from private business relationships and extensive, profound factual disputes among the Parties. Retaining jurisdiction based on Defendant Goldner's vague and unsupported assertions of federal involvement could require the Court and the Parties to litigate those claims through substantial motion practice and possibly trial, only for an appellate court to determine that subject matter jurisdiction never existed. Because Defendant Goldner has not carried his burden of establishing a proper basis for this Court's subject matter jurisdiction, it is respectfully recommended that this case be remanded.

## IV. CONCLUSION

Based on the foregoing, it is respectfully recommended that Plaintiff's Motion to Remand (DE 10) be **GRANTED** and that this action be **REMANDED** back to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Given the Court's lack of subject matter jurisdiction over this action, it is further respectfully recommended that this Court lacks the ability to adjudicate the remaining pending motions and that this case be **CLOSED**.[10] *See Am. Tobacco Co.*, 168 F.3d at 411 (11th Cir. 1999) ("[A] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.").

[10] There is a pending Motion for Sanctions on a multitude of issues, one of which includes the propriety of Defendant Goldner's Notice of Removal (DE 50). That Motion is not yet fully briefed, as it was not filed until July 22, 2026 (*id.*). The remaining requests for sanctions are not tied to removal – the only issue that this Court has the authority to adjudicate as discussed above.

## V. OBJECTIONS

The Parties will have fourteen (14) days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. The Parties will have seven (7) days following the filing of any objections to submit a response. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in this Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except upon grounds of plain error, if necessary, in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on this 7th day of August, 2026.

Ellen D'Angelo

ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record